IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-01797-REB-BNB

ROCKY MOUNTAIN TECHNOLOGY ENGINEERING COMPANY, LLC,

    Plaintiff,

vs.

KAMLET, SHEPHERD & REICHERT, LLP,
BARRY SCHWARTZ, ESQ.,
GOLDSTEIN, FAUCETT & PREBEG, LLP,
MICHAEL COLLINS, ESQ.,

    Defendants.

---

### ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING MOTION TO DISMISS AS MOOT

**Blackburn, J.**

The matters before me are (1) defendants Goldstein, Faucett & Prebeg, LLP, and Michael Collins, Esq.'s **Motion To Compel Arbitration** [#18] filed December 15, 2008; (2) defendants Goldstein, Faucett & Prebeg, LLP, and Michael Collins, Esq.'s **Motion To Dismiss** [#19] filed December 15, 2008; and (3) **Defendant Kamlet Shepherd's Motion To Stay Proceedings Pending Arbitration Between Plaintiff and Co-Defendants** [#35] filed February 17, 2009. I grant the motion to compel arbitration, deny the motion to dismiss as moot, and grant the motion to stay all proceedings pending arbitration.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) (patent law). ***See Air Measurement Technologies, Inc., et al. v. Akin Gump Strauss Hauer &***

***Feld, LLP***, 504 F.3d 1262, 1269 (Fed. Cir. 2007) ("Because proof of patent infringement is necessary to show [the plaintiff] would have prevailed in the prior litigation, patent infringement is a 'necessary element' of [the plaintiff's legal] malpractice claim and therefore . . . presents a substantial question of patent law conferring § 1338 jurisdiction.").

## II.  STANDARD OF REVIEW

The decision whether to enforce an arbitration agreement involves a bipartite analysis.  First, I must determine whether the parties agreed to arbitrate the dispute. ***Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth***, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985); ***Williams v. Imhoff***, 203 F.3d 758, 764 (10th Cir. 2000).  Second, I must consider whether any statute or policy renders the claims non-arbitrable.  ***Mitsubishi***,105 S.Ct. at 3355; ***Williams***, 203 F.3d at 764.  Federal policy strongly favors the arbitration of disputes, and, therefore,  agreements to arbitrate should be construed liberally.  ***Moses H. Cone Memorial Hospital v. Mercury Construction Corp.***, 460 U.S. 1, 23 n.27, 103 S.Ct. 927, 941 n.27, 74 L.Ed.2d 765 (1983).

## III.  ANALYSIS

Plaintiff Rocky Mountain Technology Engineering Co. retained defendant Barry Schwartz and the law firm of Goldstein, Faucett & Prebeg, LLP ("Goldstein, Faucett"), as co-counsel to represent it in a patent infringement action against a third party, Hutchens Industries, Inc. ("Hutchens").  Defendant Michael Collins was an attorney with Goldstein, Faucett assigned by the firm to represent plaintiff in the patent infringement

matter. After the lawsuit had been filed but before Hutchens had been served, Schwartz became affiliated with the law firm of Kamlet, Shepherd & Reichert, LLP ("Kamlet, Shepherd"). Plaintiff alleges that both groups of defendants committed acts of legal malpractice in connection with the case, leading to its dismissal for failure to prosecute, a decision which was affirmed on appeal.

Goldstein, Faucett and Collins filed their motions based on an arbitration clause contained in the contingency fee agreement plaintiff executed at the time it retained the firm. The agreement provides, in relevant part, that

> [a]ny controversy arising out of, or relating to, this Agreement, or any modification or extension thereof, including claims for breach of this Agreement, or damages, and/or for rescission, or reformation, of this Agreement, shall be settled by binding arbitration in Harris County, Texas, according to the rules and regulations of the American Arbitration Association.

(Def. Motion App., Exh. A ¶ XIII at 6.)[1] Such broad language plainly encompasses the claims sought to be prosecuted against Collins and Goldstein, Faucett in this lawsuit. *See P & P Industries, Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) ("[T]he strong presumption in favor of arbitrability . . . applies with even greater force when such a broad arbitration clause is at issue.") (citation and internal quotation marks omitted). Moreover, no statute or policy renders these types of claims non-arbitrable, *see Mitsubishi*, 105 S.Ct. at 3355-56; *Williams*, 203 F.3d at 764, and plaintiff does not

---

[1] The agreement contains a choice of law provision specifying that it is to be construed according to the laws of the state of Texas. It is irrelevant for purposes of my analysis whether state or federal law applies, since "[w]here . . . an agreement contains a clause designating Texas law but does not exclude the FAA [Federal Arbitration Act], the FAA and Texas law, including the state's arbitration law, apply concurrently because Texas law incorporates the FAA as part of the substantive law of that state." *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 338 n.7 (5th Cir. 2004).

contend as much.  Indeed, plaintiff frankly acknowledges that its disputes with Goldstein, Faucett and Collins are subject to arbitration.[2]  For these reasons, the action as against these defendants must be stayed pending arbitration.  See *Armijo v. Prudential Insurance Co. of America*, 72 F.3d 793, 797 (10th Cir. 1995).

Defendants Kamlet, Shepherd and Schwartz, however, had no arbitration agreement with plaintiff.  Although the Federal Arbitration Act "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement," I have discretion to stay non-arbitrable claims until arbitration is completed. *Moses H. Cone Memorial Hospital*, 103 S.Ct. at 939(emphasis in original).  My discretion is informed by considerations of judicial efficiency, *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1518 (10th Cir. 1995), as well as "issues such as the risk of inconsistent rulings, the extent to which parties will be bound by the arbitrators' decision, and the prejudice that may result from delays must be weighed in determining whether to grant a discretionary stay," *AgGrow Oils, L.L.C. v. National Union Fire Insurance Co. of Pittsburgh, PA*, 242 F.3d 777, 783 (8th Cir. 2001).

Plaintiff does not object to the stay of its claims against Kamlet, Shepherd, and Schwartz pending resolution of the arbitration.[3]  Given this concession, and considering the factors that favor a stay of litigation while arbitration proceeds against another party, I find and conclude that a stay is warranted in this matter.

---

[2] My conclusion moots consideration of defendants' motion to dismiss on the merits.

[3] Anomalously, the only parties to object to a stay are Goldstein, Faucett and Collins.  Having been granted the relief they sought by their own motion to arbitrate, these defendants no longer have a dog in this fight.  I give their arguments the weight they accordingly deserve.

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendants Goldstein, Faucett & Prebeg, LLP and Michael J. Collins, Esq.'s **Motion To Compel Arbitration** [#18] filed December 15, 2008, is **GRANTED**;

2.  That **Defendant Kamlet Shepherd's Motion To Stay Proceedings Pending Arbitration Between Plaintiff and Co-Defendants** [#35] filed February 17, 2009, is **GRANTED**;

2.  That plaintiff, Rocky Mountain Technology Engineering Company, LLC, and defendants, Goldstein, Faucett & Prebeg, LLP, and Michael J. Collins, Esq., are **ORDERED** to proceed to arbitration of plaintiff's claims against Goldstein, Faucett & Prebeg, LLP, and Michael J. Collins, Esq.;

3.  That prosecution of plaintiff's claims against all defendants in this action is **STAYED** pending completion of arbitration;

4.  That plaintiff and defendants, Goldstein, Faucett & Prebeg, LLP, and Michael J. Collins, Esq., **SHALL FILE** a status report indicating the status of the arbitration, including but not limited to its anticipated date of its completion, on or before **May 1, 2009**, and every **ninety (90) days** thereafter, until the arbitration is completed;

5.  That within **eleven (11) days** of the completion of the arbitration, plaintiff and defendants, Goldstein, Faucett & Prebeg, LLP, and Michael J. Collins, Esq., **SHALL FILE** a statement with the court stating that the arbitration has been completed, describing the results of the arbitration, and indicating what, if any, further action each party intends to take in this case; and

6. That defendants, Goldstein, Faucett & Prebeg, LLP and Michael J. Collins, Esq.'s **Motion To Dismiss** [#19] filed December 15, 2008 , is **DENIED AS MOOT**.

Dated April 7, 2009, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge